## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
BLAKE WILSON, BAR NO. 12894

No. 79737

**FILED**

DEC 20 2019



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

### ORDER DENYING RECIPROCAL DISCIPLINE
### AND SUSPENDING ATTORNEY

This is a petition for reciprocal discipline of attorney Blake Wilson pursuant to SCR 114.[1] Wilson has been disbarred from the practice of law in California. He did not self-report the disbarment to the Nevada State Bar and has not opposed this petition.

Wilson's California misconduct arises from his representation of one client. After that client terminated the attorney-client relationship, Wilson failed to return the client's file for more than a year and, after entering into the California equivalent of a conditional guilty plea in exchange for a stated form of discipline, he was placed on probation. Wilson then violated the terms of his probation and failed to respond to the California Bar's disciplinary charges for the probation violation. As a result, a default was entered. Pursuant to California State Bar Rule of Procedure 5.85, which requires disbarment when an attorney fails to have a default order set aside, Wilson was disbarred.

Having considered the petition for reciprocal discipline, we conclude that discipline is warranted but that "the misconduct established warrants substantially different discipline in this state," SCR 114(4)(c), and

---

[1]Wilson is currently CLE suspended in Nevada.

19-51542

thus deny the petition for reciprocal discipline. In particular, we conclude that disbarment is not warranted because disbarment in Nevada is not equivalent to the disbarment imposed in California, as disbarment in Nevada is irrevocable while in California a disbarred attorney may seek reinstatement after five years. *Compare* SCR 102(1) *with* Cal. State Bar R. Proc. 5.442(B). Furthermore, Nevada does not require disbarment when an attorney fails to have a default order set aside in a discipline case. Thus, we conclude that a five-year-and-one-day suspension is more appropriate than disbarment based on the "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (setting out the factors to consider to determine appropriate discipline).

Accordingly, we deny the petition for reciprocal discipline, but suspend Blake Wilson from the practice of law in Nevada for five years and one day from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cadish

_____, J.
Silver

STIGLICH, J., dissenting:

I agree that the petition for reciprocal discipline should be denied, disbarment is neither within the range of discipline this court has imposed in similar cases nor is it recommended under the ABA Standards when an attorney fails to participate in a disciplinary proceeding. However, when looking at the actual violations, even when considering the aggravating circumstances and the default, a shorter suspension than that proposed by the majority appears warranted. I would recommend that this court suspend Wilson for one year.

_____, J.
Stiglich

cc:  Blake E. Wilson
     Chair, Southern Nevada Disciplinary Board
     Bar Counsel, State Bar of Nevada
     Executive Director, State Bar of Nevada
     Admissions Office, U.S. Supreme Court